IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER FOR AUTISM AND RELATED DISORDERS, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-90709 (DRJ) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION, (II) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER
11 CASES AND OTHER INFORMATION, AND (III) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on June 12, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 12, 2023, at 5:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' homepage. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance"**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192). The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

> **link on Judge Jones' homepage.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"): [2]

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto: (a) authorizing the Debtors to redact certain personally identifiable information; (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases; and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of the Bankruptcy Code, rules 2002, 6003, and 9037(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

---

[2] A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Steven Shenker, Chief Restructuring Officer of CARD Holdings, LLC, in Support of Chapter 11 Petitions, First Day Motions, and DIP Motion* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on June 11, 2023 (the "Petition Date").

## Background

5. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

**I. Redaction of Certain Confidential Information of Individuals Is Warranted.**

6. Section 107(c) of the Bankruptcy Code provides that the Court:

> "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A)."

11 U.S.C. § 107(c)(1).

7. In addition, Bankruptcy Rule 9037(a) authorizes the redaction of personally identifiable information of minors. *See* Fed. R. Bankr. P. 9037(a). Critical to the Debtors, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") creates a duty for healthcare providers to maintain the confidentiality of patient information. Other key jurisdictions also have privacy protection regulations. For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to, among other things, request their collected personal information, including

postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1). The Debtors likely qualify as CCPA Entities because there are 57 active treatment centers located in California and the Debtors' annual gross revenue from its California operations for the twelve months ending in March 2023 was approximately $80 million.

8.     It is appropriate to authorize the Debtors and Stretto, Inc. ("Stretto"), the proposed claims and noticing agent, to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the consolidated list of creditors (the "Creditor Matrix"), the schedules of assets and liabilities and the statements of financial affairs (collectively, the "Schedules and Statements"),[3] claims registers, and proofs of claim the names, home and email addresses, and other personally identifiable information of all minor and adult individual creditors, individual equity holders, and individual parties in interest—including the Debtors' Patients, current and former employees, contract workers, and directors and officers, as applicable. This relief is

---

[3] Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Forms of Ballot and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Extending the Time by which the Debtors File Schedules and SOFAS, and (VI) Granting Related Relief* filed contemporaneously herewith, the Debtors are seeking an extension of the filing of Schedules and Statements to and including July 31, 2023.

requested because (a) such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under section 107(c)(1) of the Bankruptcy Code and (b) disclosure risks violating the CCPA and other data and privacy laws and regulations, exposing the Debtors to potential civil liability and significant financial penalties.

9. The risk in relation to section 107(c)(1) of the Bankruptcy Code is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[4] More recently, in a chapter 11 case in the Southern District of New York, at least four phishing scams have been uncovered.[5] These incidents targeted individuals whose names were publicized in the creditor matrix and included two attacks where scammers posed as associates of debtors' counsel using fake email accounts and requested that individual creditors reply with their account and other personal information, another where scammers posed as the debtors' claims agent and requested the same information from individual creditors, and a fourth attack where scammers sent a doctored court order suggesting individuals had to provide account access information to be able to receive a recovery in the debtors' cases.

10. The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, proofs of claim, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) Stretto, (d) counsel to the Debtors' lender under their prepetition credit facility and

---

[4] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[5] *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082.

DIP agent, (e) counsel to any official committee appointed in these chapter 11 cases, and (f) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any privacy or data protection law or regulation. Nothing requested in this Motion or the proposed Order is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order. The Debtors will distribute as applicable any notices that are received at the Debtors' headquarters and are intended for a current employee.

11. Absent the relief requested herein, the Debtors (a) may be in violation of applicable data privacy law and HIPAA, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their efforts to maximize the value of their estates, (b) would unnecessarily render individuals more susceptible to identity theft,[6] and (c) could jeopardize the safety of employees, contract workers, former employees, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

---

[6] *See In re Endo Int'l. PLC*, No. 22-22549 (JLG), 2022 WL 16640880 at *7, 11, 12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US and in countries around the world from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof).

12. Finally, as operators of healthcare centers, a large proportion of the Debtors' creditors are current and former patients (the "Patients"). The Debtors propose to protect the confidential information of the Patients pursuant to specific procedures, as more fully described in the *Debtors' Emergency Motion for an Order Authorizing the Implementation of Procedures to Protect Confidential Patient Information*, filed contemporaneously herewith.

## II. Service of Required Notices to Creditors.

13. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

14. The Debtors propose that Stretto, the Debtors' proposed claims and noticing agent, undertake all mailings directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as Exhibit A to the Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, service of the Notice of Commencement is warranted.

15. The Debtors believe that using Stretto to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.

Additionally, Stretto will assist the Debtors in preparing creditor lists and mailing or electronic mailing initial notices, and, therefore, it is more efficient to authorize Stretto to mail the notice of commencement of these chapter 11 cases. Accordingly, Stretto should undertake such mailings.

16. The Debtors further request authority to distribute notices to current and former employees via email in lieu of mailing such notices. The Debtors do not maintain records of mailing addresses for many of their current and former employees. Accordingly, distribution of notices via email to current and former employees is warranted under the circumstances.

## Emergency Consideration

17. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard and request that the Court approve the Motion on an emergency basis.

## Notice

18. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. The Debtors will provide notice to parties-in-interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' prepetition credit facility lender and DIP agent; (d) counsel to the Debtors' majority prepetition equityholder; (e) counsel to proposed stalking horse bidder; (f) the United States

Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice is needed.

The Debtors request that the Court enter the Order and grant such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 11, 2023

/s/ *Victoria N. Argeroplos*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Allyson B. Smith (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone: (212) 446-4800 |
| Telephone: (713) 752-4200 | Facsimile: (212) 446-4900 |
| Facsimile: (713) 752-4221 | Email: christopher.greco@kirkland.com |
| Email: mcavenaugh@jw.com | allyson.smith@kirkland.com |
| jwertz@jw.com | |
| mstull@jw.com | |
| vargeroplos@jw.com | |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors-in-Possession* | *and Debtors-in-Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Victoria N. Argeroplos*
Victoria N. Argeroplos

**Certificate of Service**

I certify that on June 11, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Victoria N. Argeroplos*
Victoria N. Argeroplos