<sup></sup>1IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING, EFFECTIVE AS OF THE REJECTION DATE, (A) THE
REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this Motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this Motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **COUNTERPARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND LEASES IN THE SCHEDULE OF REJECTED LEASES ATTACHED TO THE ORDER AS SCHEDULE 1.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]    A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Steven Shenker, Chief Restructuring Officer of CARD Holdings, LLC, in Support of Chapter 11 Petitions, First Day Motions, and DIP Motion* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on June 11, 2023 (the "Petition Date").

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing effective as of the applicable rejection date listed on Schedule 1 to the Order (the "Rejection Date"); (a) the rejection of certain unexpired leases, including any guaranties thereof and any amendments, modifications, subleases, or termination agreements thereto (collectively, the "Leases") identified on Schedule 1 to the Order; (b) the abandonment of certain equipment, fixtures, furniture, or other personal property (collectively, the "Personal Property") that may be located at the premises of each property subject to a rejected Lease (the "Premises"); and (c) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365, and 554 of the Bankruptcy Code, rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5.      On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Leases to Be Rejected

6.      The Debtors, with the assistance of their advisors, undertook a comprehensive review of their unexpired leases to identify Leases that are no longer tailored to the Debtors' operational needs or that are otherwise financially burdensome.  The Leases fall into one or both of these categories.  The Debtors seek authority to reject the Leases effective as of the Rejection Date.  The deemed Rejection Dates applicable to each Lease are appropriate to limit administrative costs associated with Leases that the Debtors, after due consideration, have determined to reject.

## Personal Property to Be Abandoned

11.      To the extent that any Personal Property remains at the Premises as of the Rejection Date, the Debtors have evaluated such Personal Property and have determined, in consultation with the agent under the Debtors' DIP financing facility (the "DIP Agent"), either that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates.  Because the Debtors have ceased or will cease operations at the Premises prior to or as of the Rejection Date, any Personal Property will no longer be necessary for the administration of the Debtors' estates.

12.      The Debtors believe in their business judgment that the abandonment of the Personal Property that may be located at each of the Premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.[3]

---

3   Prior to the Petition Date, the Debtors sent notices of abandonment to each of the rejected Leases' landlords. Accordingly, the Debtors believe any property remaining has already been abandoned but seek this relief out of an abundance of caution.

13.     The relief requested is necessary and appropriate to (a) preserve and maximize the

value of the Debtors' estates and (b) avoid incurring costs and expenses that are no longer integral

to the Debtors' business operations and their chapter 11 efforts.

**Basis for Relief**

I.     **The Rejection of the Leases Effective as of the Rejection Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

14.     Section 365(a) of the Bankruptcy Code permits a debtor in possession, subject to

the court's approval, to reject certain unexpired leases of the debtor that are not residential real

property.   11 U.S.C. § 365(a).   "This provision allows a [debtor in possession] to relieve the

bankruptcy estate of burdensome agreements which have not been completely performed."

*Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996)

(citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

15.     A debtor's rejection of an unexpired lease is governed by the "business judgment"

standard.   *See, e.g.*, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir.

1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of

business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., M., St. P. & P. R. Co.*, 318 U.S.

523, 550 (1943)).   The business judgment standard requires a court to approve a debtor's business

decision unless that decision is the product of "bad faith, whim, or caprice."   *See In re Trans World

Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quoting *In re Wheeling-Pittsburgh Steel

Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

16.     Rejection of an unexpired lease is appropriate where such rejection would benefit

the estate, as determined by the debtor in its business judgment.   *See In re Pisces Energy, LLC*,

No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply

the 'business judgment test,' which requires a showing that the proposed course of action will be

advantageous to the estate and the decision be based on sound business judgment."). Upon finding

that a debtor exercised its sound business judgment in determining that rejection of certain leases

is in the best interests of its creditors and all parties in interest, a court should approve the rejection

under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315

(Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a

debtor's decision to assume or reject an executory contract "should be granted as a matter of

course").

17.     The Debtors have determined in their business judgment that the Leases are not

compatible with the Debtors' ongoing business needs nor a source of potential value for the

Debtors' estates. Rejecting the Leases will further the Debtors' chapter 11 goals.

**II.      The Court Should Deem the Leases Rejected Effective as of the Rejection Date.**

18.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from

applying rejection retroactively. *See, e.g.*, *In re Amber's Stores, Inc.*, 193 B.R. 819, 827

(Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities

of the case, from approving" retroactive rejection).

19.     The balance of the equities supports deeming the Leases rejected as of the Rejection

Date. Without a retroactive date of rejection, the Debtors could be forced to incur administrative

expenses and obligations in connection with the Leases with no corresponding benefit to the

Debtors' estates. *See* 11 U.S.C. § 365(d)(3). Moreover, the non-Debtor counterparties to the

Leases (the "Counterparties") will not be unduly prejudiced if the rejection is deemed effective as

of the Rejection Date. The Debtors will promptly serve notice of this Motion on the

Counterparties, each of whom will have a sufficient opportunity to respond.

20.     Accordingly, the Debtors request that the Court deem the Leases identified on

Schedule 1 to the Order rejected effective as of the applicable Rejection Date.

**III.     The Personal Property Is De Minimis in Value and/or Burdensome to Remove From the Premises; and Abandonment Will Not Prejudice the Lessors.**

21.     The Debtors have satisfied the standard set forth in section 554(a) of the Bankruptcy Code, granting them authority to abandon the Personal Property. Section 554(a) of the Bankruptcy Code provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A bankruptcy court may authorize property to be abandoned when the property is either (a) burdensome to the estate or (b) of inconsequential value and benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 499–500 (1986).

22.     The Debtors anticipate that Personal Property could remain on the Premises at certain properties where removal would not be feasible and/or would provide nominal or no value to the Debtors or their estates. Therefore, this Court should find that authority to abandon the Personal Property in accordance with section 554(a) of the Bankruptcy Code is warranted.

23.     The Debtors request that the abandonment of the Personal Property be effective as of the Rejection Date, which is also the proposed effective date of rejection of the Leases.

24.     In light of the foregoing facts and circumstances, rejection of the Leases under section 365(a) of the Bankruptcy Code is a sound exercise of the Debtors' business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. The balance of equities supports granting rejection of the Leases effective retroactive to the Rejection Date. Finally, the Debtors' abandonment of certain Personal Property may and should be authorized because it represents inconsequential value to the Debtors' estates.

**IV.     Requirements of Bankruptcy Rule 6006(f)**

25.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule

6006(f). *See* FED. R. BANKR. P. 6006(e). Motions to assume or reject multiple executory contracts or unexpired leases must satisfy six requirements. *See* FED. R. BANKR. P. 6006(f). These requirements are procedural in nature. A motion to reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.    State in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.    list parties alphabetically and identify the corresponding contract or lease;

    c.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.    be limited to no more than 100 executory contracts or unexpired leases.[4]

The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to unexpired leases and executory contracts. This Motion, together with Schedule 1 to the Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f). The omnibus rejection of the Leases should be approved.

### Reservation of Rights

26. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any

---

[4]    Fed. R. Bankr. P. 6006(f).

particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

27.    Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  The Debtors will provide notice to parties-in-interest, including:  (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' prepetition credit facility lender and DIP Agent; (d) counsel to the Debtors' majority prepetition equityholder; (e) counsel to proposed stalking horse bidder; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Counterparties; and

(j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of

the relief requested, no other or further notice is needed.

The Debtors request that the Court enter the Order, respectively, and grant such other and

further relief as is appropriate under the circumstances.

Houston, Texas
June 12, 2023

/s/ *Matthew D. Cavenaugh*

| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Allyson B. Smith (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:  (212) 446-4800 |
| Telephone:  (713) 752-4200 | Facsimile:  (212) 446-4900 |
| Facsimile:  (713) 752-4221 | Email:  christopher.greco@kirkland.com |
| Email:  mcavenaugh@jw.com | allyson.smith@kirkland.com |
|   jwertz@jw.com |  |
|   mstull@jw.com |  |
|   vargeroplos@jw.com |  |

*Proposed Co-Counsel to the Debtors*          *Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*                          *and Debtors-in-Possession*

## <u>Certificate of Service</u>

I certify that on June 12, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh