IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CENTER FOR AUTISM AND RELATED DISORDERS, LLC, *et al.*,[1] | ) ) ) ) | Case No. 23-90709 (DRJ) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) SETTING THE CLAIMS BAR DATES,
(II) SETTING THE REJECTION DAMAGES BAR DATE, (III) APPROVING
THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on June 16, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192). The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2] A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Steven Shenker, Chief Restructuring Officer of CARD Holdings, LLC, in Support of Chapter 11 Petitions, First Day Motions, and DIP Motion* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on June 11, 2023 (the "Petition Date").

**Relief Requested**

1.      The Debtors seek entry of an order (the "Bar Date Order"), substantially in the form attached hereto, approving the following relief:

      i.      ***Claims Bar Date***. Establishing ***August 10, 2023, at 5:00 p.m., prevailing Central Time***, as the deadline for any entity[3] to file a proof of claim (a "Proof of Claim") based on a prepetition claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, against any Debtor (such date and time, the "Claims Bar Date");

      ii.      ***Governmental Bar Date***. Establishing ***December 8, 2023, at 5:00 p.m., prevailing Central Time***, which is a date not less than 180 days after the Petition Date, as the deadline for any governmental unit to file a Proof of Claim against any Debtor (such date and time, the "Governmental Bar Date");

      iii.      ***Rejection Damages Bar Date.*** Establishing ***the later of (i) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following (1) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (2) the effective date of such rejection, and (3) the effective date of the Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates, filed concurrently herewith (the "Plan")*** as the deadline by which each claimant holding a claim based upon such rejection must file a Proof of Claim against any Debtor (such later date, the "Rejection Damages Bar Date," and, together with the Claims Bar Date and the Governmental Bar Date, the "Bar Dates");

      iv.      ***Proof of Claim Form***. Approving the proposed form attached as Exhibit 1 to the Bar Date Order (the "Proof of Claim Form");

      v.      ***Bar Date Notice***. Approving the proposed form and manner of notice of the Bar Dates, substantially in the form attached as Exhibit 2 to the Bar Date Order (the "Bar Date Notice"); and

      vi.      ***Publication Notice***. Approving the proposed form of publication notice attached as Exhibit 3 to the Bar Date Order (the "Publication Notice").

---

[3] All terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "person," "claim," and "governmental unit," shall have the meanings ascribed to such terms in Bankruptcy Code section 101.

**Jurisdiction and Venue**

2.The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order.

3.Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, rules 2002(a)(7), (f), and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5.On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**The Bar Dates**

**I.The Claims Bar Date.**

6.The Debtors request that the Court establish *August 10, 2023, at 5:00 p.m., prevailing Central Time*, as the Claims Bar Date. The Claims Bar Date would be the last date and time by which all entities holding prepetition claims, other than governmental units, must file Proofs of Claim, *including requests for payment under Bankruptcy Code section 503(b)(9)*, so

3

that such Proofs of Claim are **_actually received_** by Stretto Inc. ("Stretto", or the "Claims and Noticing Agent") as of the Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

7. The Debtors have requested an extension of the time by which the Debtors are required to file schedules of assets and liabilities and statements of financial affairs in the *Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures with respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Extending the Time by which the Debtors File Schedules and SOFAs, and (VI) Granting Related Relief* because of, among other reasons, (i) the quick trajectory of these chapter 11 cases, and (ii) the milestones being negotiated by the Company with certain of its lenders under the Company's prepetition credit agreement and the proposed stalking horse bidder.

**II.    The Governmental Bar Date.**

8. In accordance with Bankruptcy Code section 502(b)(9), the Debtors request that **_December 8, 2023, at 5:00 p.m., prevailing Central Time_**, be established as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or

prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are ***actually received*** by the Claims and Noticing Agent by the Governmental Bar Date.

**III.     The Rejection Damages Bar Date.**

9.     The Debtors request that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases, pursuant to Bankruptcy Code section 365, on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (ii) the effective date of such rejection, and (iii) the effective date of the Plan, such that these claims are ***actually received*** by the Claims and Noticing Agent by the Rejection Damages Bar Date.

## Procedures for Filing Proofs of Claim

10.     The Debtors seek approval of the proposed procedures for filing Proofs of Claim, as set forth in the Bar Date Order, which will notify parties about which entities are required to file Proofs of Claim by the Bar Dates, provide parties with a form of Proof of Claim, and describe the requirements for preparing and filing Proofs of Claim.

## Consequences of Failure to File a Proof of Claim

11.     Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant

to Bankruptcy Code section 503(b)(9). Such creditor shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases (subject to the Solicitation Procedures[4]), participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim. Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

### Procedures for Providing Notice of the Bar Dates

12. Pursuant to Bankruptcy Rule 2002(a)(7), within three (3) business days after entry of the Bar Date Order or as soon as reasonably practicable thereafter, the Debtors will cause the Bar Date Notice, substantially in the form attached as Exhibit 2 to the Bar Date Order, and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via email, facsimile, or first-class mail upon the following parties (together, the "Notice Parties"):

   i. the U.S. Trustee for the Southern District of Texas;

   ii. the entities listed on the Debtors' petitions as holding the largest unsecured claims (on a consolidated basis)

   iii. counsel to the administrative agent under the Debtors' prepetition credit facility;

   iv. counsel to Debtors' prepetition sponsor;

   v. counsel to any official committee of unsecured creditors formed in these chapter 11 cases;

   vi. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order;

---

[4] "Solicitation Procedures" means the procedures for (a) soliciting, receiving, and tabulating votes to accept or reject the Plan, (b) voting to accept or reject the Plan, and (c) filing objections to the Plan. *See* Exhibit 2 annexed to the order of the *Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Extending the Time by which the Debtors File Schedules and SOFAs, (V) Scheduling Certain Dates with respect thereto, and (VI) Granting Related Relief*, filed contemporaneously herewith.

<ul style="list-style:none">
<li>vii. all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;</li>
<li>viii. all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;</li>
<li>ix. all known non-Debtor equity and interest holders of the Debtors as of the Petition Date;</li>
<li>x. all entities who are party to executory contracts and unexpired leases with the Debtors;</li>
<li>xi. all entities who are party to active litigation with the Debtors;</li>
<li>xii. all current and former employees for six months preceding the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);</li>
<li>xiii. all regulatory authorities that regulate the Debtors' businesses;</li>
<li>xiv. the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;</li>
<li>xv. the District Director of the Internal Revenue Service for the Southern District of Texas;</li>
<li>xvi. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;</li>
<li>xvii. all other entities listed on the Debtors' creditor matrix;</li>
<li>xviii. the United States Securities and Exchange Commission; and</li>
<li>xix. the Office of the United States Attorney for the Southern District of Texas.</li>
</ul>

13. The Debtors shall also post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website maintained by the Claims and Noticing Agent at https://cases.stretto.com/CARD.

14. The proposed Bar Date Notice will notify the Notice Parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. Each Notice Party shall

have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. The Debtors request the Court approve the use of the Bar Date Notice.

15. After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[5] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process. The Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings deemed timely and such Bar Date being applicable to the recipient creditors.

16. In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to the Notice Parties, the Debtors propose to provide notice of the Bar Dates by publication (such notice, the "Publication Notice"). The Debtors propose to publish the Publication Notice attached as Exhibit 3 to the Bar Date Order, on one occasion in the national edition of *The New York Times* or similar publication in the prudent exercise of the Debtors' business judgment. The Debtors believe such publication would be reasonably calculated to reach the most potential additional interested parties who may not be known currently to the Debtors.

---

[5] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

17.     The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Debtors' Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors for any questions about the Debtors' claims process.

**Basis for Relief**

**I.   The Court Is Authorized to Approve the Bar Dates.**

18.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). While Local Rule 3003-1 and the *Procedures for Complex Cases in the Southern District of Texas* set forth default bar dates for filing proofs of claim and proofs of interest, each states that the Court may order a different date for filing proofs of claim.

19.     Bar dates play an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). They "promote the expeditious and efficient administration of bankruptcy cases[,]" thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate. *In re Sam*, 894 F.2d 778, 781 (5th Cir. 1990). With the Bar Dates, the Debtors will have a clear understanding of the nature and scope of claims against them, which will allow the Debtors to reduce administrative costs and efficiently wind down these estates. Given the amount of claims and the

substantial diligence undertaken by the Debtors and their professionals prior to the Petition Date, the Debtors believe that the level of this risk is minimal and that the service of Bar Date Packages upon the Notice Parties is a sound exercise of their business judgment. The Debtors request approval of the Bar Dates herein.

**II.      The Notice Procedures Are Reasonable and Appropriate and the Court Is Authorized to Approve the Procedures for Filing Proofs of Claim.**

20.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement with other notice. Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

21.     The procedures in the Bar Date Order provide Notice Parties with appropriate notice and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. The procedures will provide comprehensive notice and clear instructions to Notice Parties and allow these chapter 11 cases to move forward quickly with minimal administrative expense and delay.

22.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the last date and time for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions* v. *Adams*, 462 U.S. 791, 798 n.4 (1983). However, this does not require the debtor to engage in "impracticable and extended searches ... in the name of due process." *Mullane*, 339 U.S. at 317-18. The Debtors propose to cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail

to the Notice Parties within three (3) business days after the entry of the Bar Date Order or as soon as reasonably practicable thereafter. This will provide sufficient notice of the Claims Bar Date. The Debtors will provide unknown creditors adequate notice of the Bar Dates through publication promptly after entry of the Bar Date Order. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 306, 317 (1950).

23. Requiring entities asserting claims pursuant to Bankruptcy Code section 503(b)(9) to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims, while affording the parties asserting those claims appropriate and adequate notice. This approach facilitates a more cost-effective and efficient claims process and obviates the need for the Debtors to file a response to individual administrative expense requests. For this reason, courts routinely fix bar dates for filing claims under Bankruptcy Code section 503(b)(9).[6] Requiring parties to assert section 503(b)(9) claims by proof of claim on or before the Bar Dates is justified and warranted under the circumstances of these chapter 11 cases.

24. The Bar Dates are necessary to facilitate the efficient administration of these chapter 11 cases. In order to administer these chapter 11 cases as expeditiously as possible, Proofs of Claim must be filed prior to the Debtors' proposed confirmation date so that the Debtors may understand the universe of claims prior to the effective date of the Plan. Approval of the Bar Dates and the related relief requested herein will facilitate distributions to creditors thereafter.

25. The relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the policies of the Bankruptcy

---

[6] For the avoidance of doubt, parties asserting Administrative Claims under all other sub-parts of Bankruptcy Code section 503(b) must make separate requests for payment in accordance with Bankruptcy Code section 503(a) or as otherwise specified by order of the Court or in any chapter 11 plan confirmed in these chapter 11 cases.

11

Code. The Bar Dates, and the form and manner of providing notice thereof, are appropriate, inure to the benefit of all parties in interest, and should be approved.

### III. Redaction of Certain Confidential Information Is Warranted.

26. Bankruptcy Rule 5003 requires the clerk of the Court to maintain a list of claims in a publicly available claims register. Proof of claim forms, as well as supporting documentation, often contain personal information such as the creditor's name and address. Bankruptcy Code section 107(c)(1) provides that the Court, for cause, may protect any means of identification contained in any paper filed or to be filed in a case under the Bankruptcy Code.

27. Cause exists for the redaction of individuals' personal identifying information from their publicly available Proofs of Claim and the suppression of such information from the public claims register. Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of the applicable data privacy laws governing the use of information outside of the United States.[7]

28. Form 410 provides for claimants to redact information that is entitled to privacy on the form or any attached documents. The Debtors propose that, consistent with the relief sought in the Creditor Matrix Motion, the Claims and Noticing Agent suppress or redact the individuals' names and contact information from the public claims register maintained on its website for these chapter 11 cases.

---

[7] *See* Debtors' <u>Emergency</u> *Motion for Entry of an Order (I) Authorizing Debtors to Redact Certain Personally Identifiable Information, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (III) Granting Related Relief* (the "<u>Creditor Matrix Motion</u>"), filed contemporaneously herewith.

**Emergency Consideration**

29. Pursuant to Local Rule 9013-1 and paragraph G.17 of this Court's *Procedures for Complex Cases in the Southern District of Texas*, the Debtors request emergency consideration of this Motion to maximize creditors' notice of the deadlines to file Proofs of Claim and to set a deadline for the Bar Dates. Such relief will enable the Debtors to meet certain case milestones, understand the universe of claims in these chapter 11 cases and reduce administrative costs, which will benefit the Debtors' estates and, consequently, their creditors. Shortening notice of this Motion to maximize notice of the Bar Dates is warranted under the circumstances.

**Notice**

30. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. The Debtors will provide notice to parties-in-interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' prepetition credit facility lender and DIP Agent; (d) counsel to the Debtors' majority prepetition equityholder; (e) counsel to proposed stalking horse bidder; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is needed.

The Debtors request that the Court enter the Bar Date Order, and grant such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 12, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Allyson B. Smith (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:    (212) 446-4800 |
| Telephone:    (713) 752-4200 | Facsimile:    (212) 446-4900 |
| Facsimile:    (713) 752-4221 | Email:    christopher.greco@kirkland.com |
| Email:    mcavenaugh@jw.com | allyson.smith@kirkland.com |
|     jwertz@jw.com | |
|     mstull@jw.com | |
|     vargeroplos@jw.com | |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors-in-Possession* | *and Debtors-in-Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on June 12, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh