United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 16, 2023

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 15** |

**ORDER (I) SETTING THE CLAIMS BAR DATES, (II) SETTING
THE REJECTION DAMAGES BAR DATE, (III) APPROVING THE
FORM AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) setting the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date; (b) approving the form and manner for filing such claims, including any requests for payment under Bankruptcy Code section 503(b)(9); (c) approving notice of the Bar Dates; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any, and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.     THE BAR DATES AND PROCEDURES FOR FILING PROOFS OF CLAIM.

1.     Except for those entities designated in Section II below, each entity[3] that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against any of the Debtors that arose or is deemed to have arisen before the Petition Date, including requests for payment under Bankruptcy Code section 503(b)(9), must file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually***

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in Bankruptcy Code section 101(5); (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in Bankruptcy Code section 101(15); (c) the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27); and (d) the term "person" has the meaning given to it in Bankruptcy Code section 101(41).

[4]     Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (855) 925-7872 (Toll Free, U.S. and Canada) or (949) 892-1668 (International); (b) visiting the Debtors' restructuring website at https://cases.stretto.com/CARD; and/or (c) visiting the website maintained by the Administrative Office of the U.S. Courts at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

*received on or before August 10, 2023, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date"), at the addresses and in the form set forth herein.*  The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in this Bar Date Order.

2.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to Bankruptcy Code section 503(b)(9), must file Proofs of Claim, including for claims for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, *so they are actually received on or before December 8, 2023 at 5:00 p.m. prevailing Central Time* (the "Governmental Bar Date"), at the address and in the form set forth herein.

3.      Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases must file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following (1) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (2) the effective date of such rejection, and (3) the effective date of the Plan (the "Rejection Damages Bar Date," together with the Claims Bar Date and the Governmental Bar Date, the "Bar Dates").

4.      All Proofs of Claim must be filed or submitted so as to be *actually received* by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded

from voting on any chapter 11 plan filed in these chapter 11 cases (subject to the Solicitation Procedures) and/or receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

5.      The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in these chapter 11 cases.

## II.      PARTIES NOT REQUIRED TO FILE PROOFS OF CLAIM BY THE CLAIMS BAR DATE.

6.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

i.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

ii.      the Credit Facility Agent and Credit Facility Lenders (as defined in the *Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates*, filed concurrently herewith (the "Plan"))

iii.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

iv.      any entity whose claim has previously been allowed by a final order of this Court;

v.      any Debtor having a claim against another Debtor;

vi.      any entity whose claim is solely against any non-Debtor affiliates;

vii.      any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

viii.      any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease;

ix.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current or former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising

4

before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

x.    any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

xi.   any entity holding a claim for which a separate deadline is fixed by this Court;

xii.  any entity holding a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330 and 331, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

xiii. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, any person or entity not required to file a Proof of Claim pursuant to any orders authorizing the use of cash collateral approved by this Court in these chapter 11 cases, including the Credit Facility Agent and Credit Facility Lenders (as defined in the Plan); and

xiv.  any entity holding an equity interest in any Debtor.

## III.    REQUIREMENTS FOR PREPARING AND FILING PROOFS OF CLAIM.

7.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

i.    ***Contents.***  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

ii.   ***Section 503(b)(9) Claim.***  Any Proof of Claim asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted;

and (iii) attach documentation of any reclamation demand made to the Debtors under Bankruptcy Code section 546(c) (if applicable).

iii.   ***Electronic Signatures Permitted.***   Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

iv.   ***Identification of the Debtor Entity.***   Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 23-90709), or otherwise without identifying a specific Debtor, will be deemed as filed only against Center for Autism and Related Disorders, LLC.

v.   ***Claim Against Multiple Debtor Entities.***   Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against Center for Autism and Related Disorders, LLC.

vi.   ***Supporting Documentation.***   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

vii.   ***Timely Service.***   Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/CARD or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

### If by First-Class Mail, Hand Delivery or Overnight Mail:

Center for Autism and Related Disorders, LLC, et al. Claims Processing
c/o Stretto Inc.

410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

viii.    ***Receipt of Service.***  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## IV.    IDENTIFICATION OF KNOWN CREDITORS.

8.    The Debtors shall mail the Bar Date Package to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## V.    PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATE.

### A.    Mailing of Bar Date Notices.

9.    Pursuant to Bankruptcy Rule 2002(a)(7), within three (3) business days after entry of this Bar Date Order or as soon as reasonably practicable thereafter, the Debtors will cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via email, facsimile, or first-class mail to the following entities (the "Notice Parties"):

i.    the U.S. Trustee for the Southern District of Texas;

ii.    the entities listed on the Debtors' petitions as holding the largest unsecured claims (on a consolidated basis)

iii.    counsel to the administrative agent under the Debtors' prepetition credit facility;

iv.    counsel to Debtors' prepetition sponsor;

v.    counsel to any official committee of unsecured creditors formed in these chapter 11 cases;

vi.     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order;

vii.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of entry of the date of the Bar Date Order;

viii.   all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

ix.     all known non-Debtor equity and interest holders of the Debtors as of the Petition Date;

x.      all entities who are party to executory contracts and unexpired leases with the Debtors;

xi.     all entities who are party to active litigation with the Debtors;

xii.    all current and former employees for six months preceding the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

xiii.   all regulatory authorities that regulate the Debtors' businesses;

xiv.    the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

xv.     the District Director of the Internal Revenue Service for the Southern District of Texas;

xvi.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xvii.   all other entities listed on the Debtors' creditor matrix;

xviii.  the United States Securities and Exchange Commission; and

xix.    the Office of the United States Attorney for the Southern District of Texas.

10.     The Debtors shall also post the Proof of Claim Form, and the Bar Date Notice on the Debtors' case website maintained by the Claims and Noticing Agent at https://cases.stretto.com/CARD.

**B.  Supplemental Mailings.**

11.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors.  Consistent with the preceding sentence, if any new potential creditors are discovered before the Claims Bar Date, the Debtors shall mail a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the Claim Bar Date.

12.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

### C. Publication Notice.

13.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* or similar publication in the prudent exercise of the Debtors' business judgment.

14.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VI.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM.

15.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to Bankruptcy Code section 503(b)(9) that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to Bankruptcy Code section 503(b)(9).  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

16.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from: (a) subject to the Solicitation Procedures, voting to accept or reject any chapter 11 plan filed in these chapter 11 cases; (b) participating in any distribution in these chapter 11 cases on account of such claim; or (c) receiving further notices regarding such claim or these chapter 11 cases.

## VII.     MISCELLANEOUS.

17.     To the extent there is any inconsistency between the terms of this Order, or any action taken or proposed to be taken hereunder, and the terms of each interim and final order entered by the Court in respect of the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Adequate Protection to the Prepetition First Lien Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code, (IV) Granting Liens and Superpriority Claims, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* filed substantially contemporaneously herewith (collectively, such interim and final orders, the "DIP Order"), the terms of the DIP Order shall control.

18.     The Claims and Noticing Agent is authorized to suppress or redact the names, contact information, and other personal information of any natural person from the public claims register it maintains on its website for these chapter 11 cases.

19.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

20.     This Bar Date Order shall be immediately effective and enforceable upon its entry.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

   **Signed:  June 16, 2023.**

_____

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

<u>**Exhibit 1**</u>

**Proof of Claim Form**

Modified Official Form 410

# Proof of Claim

04/22

---

## Fill in this information to identify the case:

Name of Debtor & Case Number:

- ❑ Center for Autism and Related Disorders, LLC (Case No. 23-90709)
- ❑ CARD Holdings, LLC (Case No. 23-90713)
- ❑ CARD Intermediate Holdings I, LLC (Case No. 23-90712)
- ❑ CARD Intermediate Holdings II, LLC (Case No. 23-90711)
- ❑ SKILLS Global, LLC (Case No. 23-90710)

**United States Bankruptcy Court for the Southern District of Texas**

---

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

<u>Your filled-out form will be visible on a public website.</u> You should redact (black out) sensitive information on this form or on any attached documents. See the "information that is entitled to privacy" and "redaction of information" sections in the instructions at the end of this form. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

---

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number        Street _____ | Number        Street _____ |
| City            State        ZIP Code | City            State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

❑ No
❑ Yes. Claim number on court claims registry (if known) _____      Filed on _____
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* |

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                                      $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                      $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                                                                      $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).           $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).               $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.             $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**     $_____ |

---

**Part 3:**   **Sign Below**

---

**The person completing this proof of claim must sign and date it.**
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                 MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        _____
            First name          Middle name          Last name

Title       _____

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     _____
            Number      Street

            _____
            City                          State      ZIP Code

Contact phone  _____      Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                  12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/CARD/claims/

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**<u>Exhibit 2</u>**

**Proposed Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## NOTICE OF DEADLINES FOR THE FILING
## OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
## PAYMENT PURSUANT TO BANKRUPTCY CODE SECTION 503(b)(9)

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Center for Autism and Related Disorders, LLC | 23-90709 |
| CARD Holdings, LLC | 23-90713 |
| CARD Intermediate Holdings I, LLC | 23-90712 |
| CARD Intermediate Holdings II, LLC | 23-90711 |
| SKILLS Global, LLC | 23-90710 |

**PLEASE TAKE NOTICE THAT:**

On June 11, 2023 (the "Petition Date"), Center for Autism and Related Disorders, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2023 the Court entered an order [Docket No. [●]] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to Bankruptcy Code section 503(b)(9) ("Proofs of Claim").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim. The Claims and Noticing Agent is authorized to suppress or redact the names, contact information, and other personal information of any natural person from the public claims register it maintains on its website for these chapter 11 cases.

As used in this Notice, the term "entity" has the meaning given to it in Bankruptcy Code section 101(15), and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in Bankruptcy Code sections 101(41) and 101(27), respectively. The term "claim" means, as to or against the Debtors and in accordance with Bankruptcy Code section 101(5): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

i.    ***The Claims Bar Date.*** Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to Bankruptcy Code section 503(b)(9), are required to file Proofs of Claim so that they are ***actually received*** by ***August 10, 2023, at 5:00 p.m., prevailing Central Time.*** Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

ii.    ***The Governmental Bar Date.*** Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim so that they are ***actually received*** by ***December 8, 2023, at 5:00 p.m., prevailing Central Time.*** The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

iii.     ***The Rejection Damages Bar Date.***  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are ***actually received*** by ***the later of (i) the Claims Bar Date or the Governmental Bar Date,*** as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following (1) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (2) the effective date of such rejection, and (3) the effective date of the Debtors' Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates, filed concurrently herewith (the "Plan").***

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**II.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.**

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

i.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

ii.     the Credit Facility Agent and Credit Facility Lenders (as defined in the Plan);

iii.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

iv.     any entity whose claim has previously been allowed by a final order of this Court;

v.      any Debtor having a claim against another Debtor;

vi.     any entity whose claim is solely against any non-Debtor affiliates;

vii.    any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

viii.   any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease;

ix.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current and former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

x.     any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

xi.     any entity holding a claim for which a separate deadline is fixed by this Court;

xii.     any entity holding a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330 and 331, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

xiii.     any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, any person or entity not required to file a Proof of Claim pursuant to any orders authorizing the use of cash collateral approved by this Court in these chapter 11 cases, including the Credit Facility Agent and the Credit Facility Lenders (as defined in the Plan); and

xiv.     any entity holding an equity interest in any Debtor.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

i.     **Contents.** Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

ii.     **Section 503(b)(9) Claim.** Any Proof of Claim asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty

(20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under Bankruptcy Code section 546(c) (if applicable).

iii.   ***Electronic Signatures Permitted.***  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

iv.   ***Identification of the Debtor Entity.***  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-90709), or otherwise without identifying a specific Debtor, will be deemed as filed only against Center for Autism and Related Disorders, LLC.

v.   ***Claim Against Multiple Debtor Entities.***  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against Center for Autism and Related Disorders, LLC.

vi.   ***Supporting Documentation.***  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

vii.   ***Timely Service.***  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/CARD or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery or Overnight Mail:**

Center for Autism and Related Disorders, LLC, et al. Claims Processing
c/o Stretto Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC
MAIL WILL NOT BE ACCEPTED.**

    viii.    ***Receipt of Service.***  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

    i.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

    ii.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

    iii.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

    iv.    SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Known Claims as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.

## VII.  ADDITIONAL INFORMATION.

Copies of the Debtors' Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.stretto.com/CARD.  The other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov.  Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (855) 925-7872 (Toll Free U.S. and Canada); or (949) 892-1668 (International).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit 3</u>**

**Proposed Publication Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[14] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No.** |

NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT PURSUANT TO BANKRUPTCY CODE SECTION 503(b)(9)

THE CLAIMS BAR DATE IS AUGUST 10, 2023, AT 5:00 P.M. (PREVAILING CENTRAL
TIME)
THE GOVERNMENTAL BAR DATE IS DECEMBER 8, 2023, AT 5:00 P.M. (PREVAILING
CENTRAL TIME)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Deadlines for Filing Proofs of Claim.* On [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under Bankruptcy Code section 503(b)(9) ("Proofs of Claim"), in these chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Center for Autism and Related Disorders, LLC | 23-90709 |
| CARD Holdings, LLC | 23-90713 |
| CARD Intermediate Holdings I, LLC | 23-90712 |
| CARD Intermediate Holdings II, LLC | 23-90711 |
| SKILLS Global, LLC | 23-90710 |

*The Bar Dates.* Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to June 11, 2023, no matter how remote or contingent such right to

---

[14] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

payment or equitable remedy may be, *including* requests for payment under Bankruptcy Code section 503(b)(9), MUST FILE A PROOF OF CLAIM on or before *August 10, 2023, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date")*. Governmental entities that have a claim or potential claim against the Debtors that arose prior to June 11, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *December 8, 2023, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*. All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by *the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date (to the extent the claim is held by a governmental unit), as applicable, and (b) the date that is thirty (30) days following (1) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (2) the effective date of such rejection, and (3) the effective date of the Debtors' Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates, filed concurrently herewith (the "Rejection Damages Bar Date")*.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER BANKRUPTCY CODE SECTION 503(B)(9), ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim.* Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/CARD or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be *actually received* by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
Center for Autism and Related Disorders, LLC, et al. Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

*Contents of Proofs of Claim.* Each Proof of Claim must: (a) be written in legible English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the specific Debtor against which the claim is asserted; (d) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (e) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (f) include as attachments any and all supporting

documentation on which the claim is based.  **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Center for Autism and Related Disorders, LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Center for Autism and Related Disorders, LLC.  The Claims and Noticing Agent is authorized to suppress or redact the names, contact information, and other personal information of any natural person from the public claims register it maintains on its website for these chapter 11 cases.

     *Electronic Signatures Permitted.*  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

     *Section 503(b)(9) Requests for Payment.*  Any Proof of Claim that asserts a right to payment arising under Bankruptcy Code section 503(b)(9) must also: (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which such claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under Bankruptcy Code section 546(c) (if applicable).

     *Additional Information.*  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (a) calling the Debtors' restructuring hotline at (855) 925-7872 (Toll Free U.S. and Canada); or (949) 892-1668 (International); and/or (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/CARD.