## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER FOR AUTISM AND RELATED | ) Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.,*[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

### SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On August 4, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **Notice of Chapter 11 Bankruptcy Case** (attached hereto as **Exhibit A**)

- **Order Granting Complex Chapter 11 Bankruptcy Case Treatment** (Docket No. 49)

- **Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Bankruptcy Code Section 503(b)(9)** (attached hereto as **Exhibit B**)

- **[Customized] Official Form 410 Proof of Claim and Instructions for Proof of Claim** (attached hereto as **Exhibit C**)

- **Notice of Auction for the Sale of the Debtors' Assets Free and Clear of Any and All Claims, Interests, and Encumbrances** (attached hereto as **Exhibit D**)

- **Notice of Hearing to Consider (I) the Adequacy of the Disclosure Statement and Confirmation of the Joint Chapter 11 Plan Filed by the Debtors and (II) Related Voting and Objection Procedures** (attached hereto as **Exhibit E**)

Furthermore, on August 4, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Nauset Disposal Holdings, Inc at 61 Commonwealth Ave, S Yarmouth, MA 02664-1201:

- **Notice of Non-Voting Status and Opt Out of Releases to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan** (attached hereto as **Exhibit F**)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192). The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

- **Notice of Hearing to Consider (I) the Adequacy of the Disclosure Statement and Confirmation of the Joint Chapter 11 Plan Filed by the Debtors and (II) Related Voting and Objection Procedures** (attached hereto as **<u>Exhibit G</u>**)

- **Postage Prepaid, Return-Addressed Envelope**

Dated: August 15, 2023

*/s/ Monica Arellano*
Monica Arellano
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
800.634.7734
TeamCARD@stretto.com

# Exhibit A

| Information to identify the case: | | |
|---|---|---|
| **Debtor:** **Center for Autism and Related Disorders, LLC,** *et al.* <br> Name | | **EIN:**  **83-0721512** |
| **United States Bankruptcy Court for the Southern District of Texas** | | |
| **Case Number:**  **23-90709 (DRJ)** | **Date case filed for Chapter 11:** <br> **June 11, 2023** | |

Official Form 309F1 (For Corporations or Partnerships)

**Notice of Chapter 11 Bankruptcy Case** 10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1. **Debtors' full name:  See chart below.**

   **List of Jointly Administered Cases**

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 1 | Center for Autism and Related Disorders, LLC | 9089 S Pecos Rd., Suite 3600 Henderson, Nevada 89074 | 23-90709 (DRJ) | 83-0721512 |
| 2 | CARD Holdings, LLC | 9089 S Pecos Rd., Suite 3600 Henderson, Nevada 89074 | 23-90713 (DRJ) | 95-4641453 |
| 3 | CARD Intermediate Holdings I, LLC | 9089 S Pecos Rd., Suite 3600 Henderson, Nevada 89074 | 23-90712 (DRJ) | N/A |
| 4 | CARD Intermediate Holdings II, LLC | 9089 S Pecos Rd., Suite 3600 Henderson, Nevada 89074 | 23-90711 (DRJ) | 83-0683953 |
| 5 | SKILLS Global, LLC | 9089 S Pecos Rd., Suite 3600 Henderson, Nevada 89074 | 23-90710 (DRJ) | 81-2764192 |

| |
|---|
| 2. **All other names used in the last 8 years: N/A** |
| 3. **Address: See chart above.** |

| 4. | Debtors' attorneys: | |
|---|---|---|

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   (713) 752-4200
Facsimile:    (713) 752-4221
Email:          mcavenaugh@jw.com
Email:          jwertz@jw.com
Email:          mstull@jw.com
Email:          vargeroplos@jw.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email: christopher.greco@kirkland.com
Email: allyson.smith@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

Debtors' notice and claims agent (for court documents and case information inquiries):

**Case Website**: https://cases.stretto.com/CARD
**Email**:        TeamCARD@stretto.com
**Telephone**:  (855) 925-7872 (Toll-free)
                      (949) 892-1668 (International)

**If by First-Class Mail:**
Center for Autism and Related Disorders, LLC
Claims Processing Center
c/o Stretto Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If by Hand Delivery or Overnight Mail:**
Center for Autism and Related Disorders, LLC
Claims Processing Center
c/o Stretto Inc.
410 Exchange, Suite 100
Irvine, CA 92602

| 5. | **Bankruptcy Clerk's Office** | | |
|---|---|---|---|
| | Documents in this case may be filed at this address. | **United States Courthouse**<br>**515 Rusk Avenue**<br>**Houston, Texas  77002** | **Hours Open:  Monday - Friday**<br>**8:00 AM - 5:00 PM CT**<br>**Contact phone:  713-250-5500** |
| | You may inspect all records filed in this case at this office or online at www.pacer.gov | All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/CARD | |

| 6. | **Meeting of Creditors** | **Date and Time To Be Determined** | **Location:**<br>**Telephone Conference Call**<br><br>**Dial:  (866) 707-5468**<br>**Code:  6166997** |
|---|---|---|---|
| | The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | |

| 7. | **Proof of Claim Deadline:** | **Deadline for filing proof of claim:** | **General Bar Date:  Thursday, August 10, 2023 at 5:00 PM CT.**<br><br>**Governmental Bar Date: Friday, December 8, 2023 at 5:00 PM CT.** |
|---|---|---|---|

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:
- Your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- You file a proof of claim in a different amount; or
- You receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | | |
|---|---|---|
| **8.** | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:  Not applicable** |
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

# **<u>Exhibit B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT PURSUANT TO BANKRUPTCY CODE SECTION 503(b)(9)**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Center for Autism and Related Disorders, LLC | 23-90709 |
| CARD Holdings, LLC | 23-90713 |
| CARD Intermediate Holdings I, LLC | 23-90712 |
| CARD Intermediate Holdings II, LLC | 23-90711 |
| SKILLS Global, LLC | 23-90710 |

**PLEASE TAKE NOTICE THAT:**

On June 11, 2023 (the "Petition Date"), Center for Autism and Related Disorders, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On June 16, 2023, the Court entered an order [Docket No. 133] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to Bankruptcy Code section 503(b)(9) ("Proofs of Claim").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim. The Claims and Noticing Agent is authorized to suppress or redact the names, contact information, and other personal information of any natural person from the public claims register it maintains on its website for these chapter 11 cases.

As used in this Notice, the term "entity" has the meaning given to it in Bankruptcy Code section 101(15), and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in Bankruptcy Code sections 101(41) and 101(27), respectively. The term "claim" means, as to or against the Debtors and in accordance with Bankruptcy Code section 101(5): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.      THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

> i.    ***The Claims Bar Date.***  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to Bankruptcy Code section 503(b)(9), are required to file Proofs of Claim so that they are ***actually received*** by ***August 10, 2023, at 5:00 p.m., prevailing Central Time.***  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

> ii.   ***The Governmental Bar Date.***  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim so that they are ***actually received*** by ***December 8, 2023, at 5:00 p.m., prevailing Central Time.***  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

iii.     ***The Rejection Damages Bar Date.*** Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are ***actually received*** by ***the later of (i) the Claims Bar Date or the Governmental Bar Date,*** as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following (1) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease, (2) the effective date of such rejection, and (3) the effective date of the Debtors' Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates, filed concurrently herewith (the "*Plan*").***

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

## II.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

i.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

ii.     the Credit Facility Agent and Credit Facility Lenders (as defined in the Plan);

iii.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

iv.     any entity whose claim has previously been allowed by a final order of this Court;

v.      any Debtor having a claim against another Debtor;

vi.     any entity whose claim is solely against any non-Debtor affiliates;

vii.    any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

viii.   any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease;

ix.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current and former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

x.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

xi.     any entity holding a claim for which a separate deadline is fixed by this Court;

xii.    any entity holding a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330 and 331, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

xiii.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, any person or entity not required to file a Proof of Claim pursuant to any orders authorizing the use of cash collateral approved by this Court in these chapter 11 cases, including the Credit Facility Agent and the Credit Facility Lenders (as defined in the Plan); and

xiv.    any entity holding an equity interest in any Debtor.

**I.      INSTRUCTIONS FOR FILING PROOFS OF CLAIM.**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

i.      ***Contents.***  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

ii.     ***Section 503(b)(9) Claim.***  Any Proof of Claim asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty

4

(20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under Bankruptcy Code section 546(c) (if applicable).

iii.   ***Electronic Signatures Permitted.***  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

iv.   ***Identification of the Debtor Entity.***  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-90709), or otherwise without identifying a specific Debtor, will be deemed as filed only against Center for Autism and Related Disorders, LLC.

v.   ***Claim Against Multiple Debtor Entities.***  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against Center for Autism and Related Disorders, LLC.

vi.   ***Supporting Documentation.***  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

vii.   ***Timely Service.***  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/CARD or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery or Overnight Mail:**

Center for Autism and Related Disorders, LLC, et al. Claims Processing
c/o Stretto Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC
MAIL WILL NOT BE ACCEPTED.**

    viii.    ***Receipt of Service.*** Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## II.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

    i.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

    ii.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

    iii.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

    iv.    SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## III.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Known Claims as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.

**IV.      ADDITIONAL INFORMATION.**

Copies of the Debtors' Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.stretto.com/CARD.  The other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov.  Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (855) 925-7872 (Toll Free U.S. and Canada); or (949) 892-1668 (International).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

# **Exhibit C**

Modified Official Form 410

# Proof of Claim

04/22

### Fill in this information to identify the case:

Name of Debtor & Case Number:

❑   Center for Autism and Related Disorders, LLC (Case No. 23-90709)
❑   CARD Holdings, LLC (Case No. 23-90713)
❑   CARD Intermediate Holdings I, LLC (Case No. 23-90712)
❑   CARD Intermediate Holdings II, LLC (Case No. 23-90711)
❑   SKILLS Global, LLC (Case No. 23-90710)

### United States Bankruptcy Court for the Southern District of Texas

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Your filled-out form will be visible on a public website.  You should redact (black out) sensitive information on this form or on any attached documents.  See the "information that is entitled to privacy" and "redaction of information" sections in the instructions at the end of this form.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.

### Part 1:   Identify the Claim

| | |
|---|---|
| 1.  Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2.  Has this claim been acquired from someone else? | ❑  No<br>❑  Yes.  From whom? _____ |

3.  Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number       Street _____ | Number       Street _____ |
| City                     State            ZIP Code | City                     State            ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4.  Does this claim amend one already filed? | ❑  No<br>❑  Yes.  Claim number on court claims registry (if known) _____       Filed on ____ / ____ / _____<br>                                                                                                MM   /  DD   / YYYY |
| 5.  Do you know if anyone else has filed a proof of claim for this claim? | ❑  No<br>❑  Yes.  Who made the earlier filing? _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | | |
| | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ | Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ | Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | | $_____ |

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
               MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name   _____
       First name          Middle name          Last name

Title  _____

Company _____
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
       Number        Street

       _____
       City                          State      ZIP Code

Contact phone  _____   Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/CARD/claims/

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

 **Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# **Exhibit D**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF AUCTION FOR THE**
**SALE OF THE DEBTORS' ASSETS FREE AND**
**CLEAR OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On June 16, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (I) Approving the Bidding Procedures, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, (VI) Authorizing the Debtors to Enter into Definitive Purchase Agreements, and (VII) Granting Related Relief* [Docket No. 134] (the "Order"),[2] authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to conduct a marketing and sale process, potentially including an auction (the "Auction"), to sell the Assets. The Sale Process and Auction, if any, will be governed by the bidding procedures approved pursuant to the Order and attached to the Order as Exhibit 1 (the "Bidding Procedures"). **All interested bidders should carefully read the Bidding Procedures and the Order**. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or the Order, the Bidding Procedures or the Order, as applicable, shall govern in all respects.

Copies of the Order, the Bidding Procedures, or other documents related thereto are available on the Debtors' restructuring website at https://cases.stretto.com/CARD.

Any person or entity who wishes to participate in the Auction must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192). The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order or the Bidding Procedures, as applicable.

Procedures. The General Bid Deadline is **Thursday, July 13, 2023 at 4:00 p.m. (prevailing Central Time)**. The Auction, if required, will be Monday, July 17, 2023 at 9:00 a.m. (prevailing Central Time).

The Debtors expect to seek approval of any Sales at the Sale Hearing, which is presently scheduled to commence on **Wednesday, July 19, 2023 at 2:00 p.m (prevailing Central Time)**, before the Judge Jones in the United States Courthouse, 515 Rusk Street, 4th Floor Courtroom 400, Houston, Texas 77002.

The Debtors reserve the right to modify the Bidding Procedures, in their reasonable business judgment in accordance with the Bidding Procedures.

Except as otherwise set forth in the Order with respect to objections to proposed cure amounts, objections, if any, to a proposed Asset Sale **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court so as to be *actually received* no later than **Wednesday, July 19, 2023 at 9:00 a.m. (prevailing Central Time)**.

### <u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO A SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE SELLING DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT(S).**

Houston, Texas
June 16, 2023

*/s/  Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Allyson B. Smith (admitted *pro hac vice*) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:   (212) 446-4800 |
| Telephone:   (713) 752-4200 | Facsimile:   (212) 446-4900 |
| Facsimile:   (713) 752-4221 | Email:   christopher.greco@kirkland.com |
| Email:   mcavenaugh@jw.com | allyson.smith@kirkland.com |
| jwertz@jw.com | |
| mstull@jw.com | |
| vargeroplos@jw.com | |

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*

# **Exhibit E**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY THE DEBTORS AND (II) RELATED VOTING AND OBJECTION PROCEDURES**

    **PLEASE TAKE NOTICE THAT** on June 12, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 85] (the "Disclosure Statement Order"):  (a) conditionally approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 17] (as may be amended, supplemented, or modified from time to time, and including all exhibits thereto, the "Disclosure Statement"), (b) approving the solicitation procedures (the "Solicitation Procedures") with respect to confirmation of the *Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 16] (as may be amended, supplemented, or modified from time to time, the "Plan"),[2] (c) approving the forms of ballot and notices in connection therewith, (d) scheduling certain dates with respect thereto, (e) extending the time by which the Debtors file Schedules and SOFAs, and (f) granting related relief.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider the adequacy of the Disclosure Statement and Confirmation of the Plan and related voting and objection procedures (the "Combined Hearing") will commence on **July 19, 2023, at 2:00 p.m.,** prevailing Central Time, before the Honorable Jones, in the United States

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or the Plan, as applicable.

Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 400, Houston, Texas 77002.

---

**PLEASE BE ADVISED**:  THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **June 11, 2023**, which is the date for determining which Holders of Claims in Class 3, as applicable, are entitled to vote on the Plan. For the avoidance of doubt and subject to section D(1)(iii)(c) of the Solicitation Procedures, if a Holder of a Claim or Interest in a Class that is not entitled to vote to accept or reject the Plan files a Proof of Claim after the Voting Record Date but before the Combined Hearing, Stretto, Inc. (the "Claims and Noticing Agent"), shall provide such Holder the applicable Non-Voting Status Notice and Opt Out Form and a copy of the Combined Hearing Notice as soon as practicable after its Claim has been filed and processed by the Claims and Noticing Agent.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

**Voting Deadline**.  The deadline for voting on the Plan is **July 13, 2023, at 4:00 p.m.**, prevailing Central Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' Claims and Noticing Agent on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote**.

**Plan and Disclosure Statement Objection Deadline**.  The deadline for filing objections to the Plan and the Disclosure Statement is **July 13, 2023, at 4:00 p.m.,** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline").  Any objections to the relief sought at the Combined Hearing **must**:  (a) be in writing; (b) conform to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Plan and Disclosure Statement Objection Deadline.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Please be advised that Article IX of the Plan contains the following release, exculpation, and injunction provisions:[3]**

Article IX.C of the Plan contains the following release by the Debtors (the "Debtor Release"):

**EFFECTIVE AS OF THE EFFECTIVE DATE, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WIND-DOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES (INCLUDING ANY PLAN ADMINISTRATOR THAT MAY BE APPOINTED), AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM OR CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS OR THEIR ESTATES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS, THE WIND-DOWN DEBTORS, THEIR ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY, BASED ON OR RELATING TO (INCLUDING THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY**

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

**UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CAUSES OF ACTION RELEASED BY THE DEBTOR RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE DEBTORS, THE WIND-DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE DEBTOR RELEASE.**

Article IX.D of the Plan contains the following third-party release by the Releasing Parties (the "Third-Party Release"):

**EFFECTIVE AS OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EACH CASE EXCEPT FOR CLAIMS ARISING UNDER, OR PRESERVED BY, THE PLAN, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EACH RELEASING PARTY (OTHER THAN THE DEBTORS OR THE WIND-DOWN DEBTORS), IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM, CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF A RELEASING PARTY, IS DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED EACH DEBTOR, WIND-DOWN DEBTOR, AND EACH OTHER RELEASED PARTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES OR THEIR AFFILIATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO (INCLUDING THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS**

TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (1) CONSENSUAL; (2) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (3) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (4) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS OR CAUSES OF ACTION RELEASED BY THE THIRD-PARTY RELEASE; (5) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (6) FAIR, EQUITABLE, AND REASONABLE; (7) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (8) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.

Definitions related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "RELEASED PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE CREDIT FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF INTERESTS; (F) THE SPONSOR; (G) THE PURCHASER(S); (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (I); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN Error! Reference source not found. OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN Error! Reference source not found. OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.

UNDER THE PLAN, "RELEASING PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS, AS APPLICABLE; (C) THE CREDIT FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF CLAIMS; (F) ALL HOLDERS OF INTERESTS; (G)

**THE PURCHASER(S); (H) THE SPONSOR; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (J); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN** Error! Reference source not found. **OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN** Error! Reference source not found. **OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.**

**PLEASE BE ADVISED, AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT:  (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.**

Article IX.E of the Plan provides for an exculpation of certain parties (the "Exculpation"):

> Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action or any claim arising prior to the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable the Chapter 11 Cases, the Restructuring Support Agreement, the Disclosure Statement, the Plan (including the Plan Supplement), the DIP Documents, the Asset Purchase Agreement(s), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (excluding, for the avoidance of doubt, providing any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.  Notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article IX.F of the Plan establishes an injunction (the "Injunction"):

> Except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to

any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Supplement, or related documents, free of charge, you may:  (a) access the Debtors' restructuring website at https://cases.stretto.com/CARD; (b) write to Center for Autism and Related Disorders, LLC, *et. al.* Ballots c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, California 92602; (c) email TeamCARD@stretto.com; or (d) call the Stretto, Inc., the Claims and Noticing Agent retained by the Debtors in these chapter 11 cases at (855) 925-7872 (domestic, toll free) or +1 (949) 892-1668 (international).  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://ecf.txsb.uscourts.gov/.  Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan or provide legal advice.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before June 29, 2023, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Houston, Texas
June 12, 2023

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:           mcavenaugh@jw.com
                 jwertz@jw.com
                 mstull@jw.com
                 vargeroplos@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           christopher.greco@kirkland.com
                 allyson.smith@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*

# Exhibit F

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS AND OPT OUT
OF RELEASES TO HOLDERS OF IMPAIRED CLAIMS OR
INTERESTS CONCLUSIVELY DEEMED TO REJECT THE PLAN**

    **PLEASE TAKE NOTICE THAT** on June 12, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 85] (the "Disclosure Statement Order"):  (a) conditionally approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 17] (as may be amended, supplemented, or modified from time to time, and including all exhibits thereto, the "Disclosure Statement"), (b) approving the solicitation procedures (the "Solicitation Procedures") with respect to confirmation of the *Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 16] (as may be amended, supplemented, or modified from time to time, the "Plan"),[2] (c) approving the forms of ballot and notices in connection therewith, (d) scheduling certain dates with respect thereto, (e) extending the time by which the Debtors file Schedules and SOFAs, and (f) granting related relief.

    **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, *you are NOT entitled to vote on the Plan*.  Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) or Interest in the Debtors that is Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider the adequacy of the Disclosure Statement and Confirmation of the Plan and related voting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192).  The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or the Plan, as applicable.

and objection procedures (the "Combined Hearing") will commence on **July 19, 2023, at 2:00 p.m.**, prevailing Central Time, before the Honorable Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 400, Houston, Texas 77002.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan and the Disclosure Statement is **July 13, 2023, at 4:00 p.m.,** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline").  Any objection to the Plan or the Disclosure Statement *must*:  (a) be in writing; (b) conform to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Plan and Disclosure Statement Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT, if you would like to obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Supplement, or related documents, free of charge, you may (a) access the Debtors' restructuring website at https://cases.stretto.com/CARD; (b) write to Center for Autism and Related Disorders, LLC, et. al. Ballots c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, California 92602; (c) email TeamCARD@stretto.com; or (d) call the Stretto, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent") at (855) 925-7872 (domestic, toll free) or +1 (949) 892-1668 (international).  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:  http://ecf.txsd.uscourts.gov.

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.D OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

Houston, Texas
June 12, 2023

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**                              **KIRKLAND & ELLIS LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)         **KIRKLAND & ELLIS INTERNATIONAL LLP**
Jennifer F. Wertz (TX Bar No. 24072822)            Christopher T. Greco, P.C. (admitted *pro hac vice*)
J. Machir Stull (TX Bar No. 24070697)              Allyson B. Smith (admitted *pro hac vice*)
Victoria N. Argeroplos (TX Bar No. 24105799)       601 Lexington Avenue
1401 McKinney Street, Suite 1900                   New York, New York 10022
Houston, Texas 77010                               Telephone:      (212) 446-4800
Telephone:      (713) 752-4200                     Facsimile:      (212) 446-4900
Facsimile:      (713) 752-4221                     Email:          christopher.greco@kirkland.com
Email:          mcavenaugh@jw.com                                  allyson.smith@kirkland.com
                jwertz@jw.com
                mstull@jw.com
                vargeroplos@jw.com


*Proposed Co-Counsel to the Debtors*              *Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*                       *and Debtors-in-Possession*

**OPTIONAL:  RELEASE OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan").  Holders of Claims or Interests are deemed to grant the Third-Party Release set forth in this notice unless a holder affirmatively opts out by completing and returning this form in accordance with the directions herein or files an objection to the Third-Party Release with the Court on or before **July 13, 2023, at 4:00 p.m., prevailing Central Time** (the "Voting Deadline").

**If you believe you are a holder of a Claim or Interest with respect to the Debtors and want to opt out of the Third-Party Release set forth in Article IX.D of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** via first class mail, overnight courier, the, or hand delivery to Stretto, Inc. (the "Claims and Noticing Agent") at the address set forth below, or the Claims and Noticing Agent's online E-Ballot Portal.  Holders are strongly encouraged to submit their Opt Out Form through the Claims and Noticing Agent's online E-Ballot Portal. Parties that submit their Opt Out Form using the E-Ballot Portal should NOT also submit a paper Opt Out Form.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

Item 1.  **Important information regarding the release, exculpation, and injunction provisions, and opt out rights under the Plan.**

**Please be advised that Article IX of the Plan contains the following release, exculpation, and injunction provisions:[3]**

Article IX.C of the Plan contains the following release by the Debtors (the "Debtor Release"):

**EFFECTIVE AS OF THE EFFECTIVE DATE, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WIND-DOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES (INCLUDING ANY PLAN ADMINISTRATOR THAT MAY BE APPOINTED), AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM OR CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS OR THEIR ESTATES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS, THE WIND-DOWN DEBTORS, THEIR ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY, BASED ON OR RELATING TO (INCLUDING THE FORMULATION,**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

**PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CAUSES OF ACTION RELEASED BY THE DEBTOR RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE DEBTORS, THE WIND-DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE DEBTOR RELEASE.**

Article IX.D of the Plan contains the following third-party release by the Releasing Parties (the "Third-Party Release"):

**EFFECTIVE AS OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EACH CASE EXCEPT FOR CLAIMS ARISING UNDER, OR PRESERVED BY, THE PLAN, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EACH RELEASING PARTY (OTHER THAN THE DEBTORS OR THE WIND-DOWN DEBTORS), IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM, CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE**

OF A RELEASING PARTY, IS DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED EACH DEBTOR, WIND-DOWN DEBTOR, AND EACH OTHER RELEASED PARTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES OR THEIR AFFILIATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO (INCLUDING THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (1) CONSENSUAL; (2) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (3) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (4) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS OR CAUSES OF ACTION RELEASED BY THE THIRD-PARTY RELEASE; (5) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (6) FAIR, EQUITABLE, AND REASONABLE; (7) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (8) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.

Definitions related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "RELEASED PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE CREDIT

FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF INTERESTS; (F) THE SPONSOR; (G) THE PURCHASER(S); (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (I); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.

UNDER THE PLAN, "RELEASING PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS, AS APPLICABLE; (C) THE CREDIT FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF CLAIMS; (F) ALL HOLDERS OF INTERESTS; (G) THE PURCHASER(S); (H) THE SPONSOR; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (J); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.

PLEASE BE ADVISED, AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT:  (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.

## IMPORTANT INFORMATION REGARDING THE RELEASES:

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE.  YOU MAY ALSO VALIDLY OPT OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE IX.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) OR INTEREST(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN.

Article IX.E of the Plan provides for an exculpation of certain parties (the "Exculpation"):

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action or any claim arising prior to the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable the Chapter 11 Cases, the Restructuring

Support Agreement, the Disclosure Statement, the Plan (including the Plan Supplement), the DIP Documents, the Asset Purchase Agreement(s), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (excluding, for the avoidance of doubt, providing any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.  Notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article IX.F of the Plan establishes an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation from and, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

**OPTIONAL RELEASE ELECTION**.  **YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐       **The undersigned Holder of the Claim or Interest elects to OPT OUT of the Third-Party Release**

**Item 2**.          **Certifications.**

By signing this Opt Out Form, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, either:  (i) the Entity is the holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a holder of a Claim or Interest;

(b)     the Entity (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status and Opt Out of Releases to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c)     the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)     no other Opt Out Form has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt Out Forms are hereby revoked.

---

Name of Holder:_____
                                    (*print or type*)

Signature:_____

Name of Signatory:_____
                                    (*if other than holder*)

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

---

***IF YOU HAVE MADE THE OPTIONAL OPT OUT ELECTION*, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By first class mail, overnight courier, or hand delivery to:**

Center for Autism and Related Disorders, LLC Ballot Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, California 92602

**If you would like to coordinate hand delivery of your Opt Out Form, please email TeamCARD@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

**By electronic, online submission:**

Please visit https://cases.stretto.com/CARD and click on the "File a Ballot" section of the website. Enter your Unique E-Ballot Password as provided below and follow the instructions to submit your Opt-Out Form.

**IMPORTANT NOTE:**  You will need the following information to retrieve and submit your customized electronic Opt Out Form:

**Unique E-Ballot Password:** _____

**The Claims and Noticing Agent's E-Ballot Portal is the sole manner in which Opt Out Forms will be accepted via electronic or online transmission.  Opt Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt Out Form using the E-Ballot Portal should **NOT** also submit a paper Opt Out Form.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON JULY 13, 2023.**  THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT OUT FORM, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT FOR FURTHER ASSISTANCE.

# **Exhibit G**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTER FOR AUTISM AND RELATED | ) | Case No. 23-90709 (DRJ) |
| DISORDERS, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY THE DEBTORS AND (II) RELATED VOTING AND OBJECTION PROCEDURES**

    **PLEASE TAKE NOTICE THAT** on June 12, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 85] (the "Disclosure Statement Order"): (a) conditionally approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 17] (as may be amended, supplemented, or modified from time to time, and including all exhibits thereto, the "Disclosure Statement"), (b) approving the solicitation procedures (the "Solicitation Procedures") with respect to confirmation of the *Joint Chapter 11 Plan of Center for Autism and Related Disorders, LLC and its Debtor Affiliates* [Docket No. 16] (as may be amended, supplemented, or modified from time to time, the "Plan"),[2] (c) approving the forms of ballot and notices in connection therewith, (d) scheduling certain dates with respect thereto, (e) extending the time by which the Debtors file Schedules and SOFAs, and (f) granting related relief.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider the adequacy of the Disclosure Statement and Confirmation of the Plan and related voting and objection procedures (the "Combined Hearing") will commence on **July 19, 2023, at 2:00 p.m.**, prevailing Central Time, before the Honorable Jones, in the United States

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Center for Autism and Related Disorders, LLC (1512); CARD Holdings, LLC (1453); CARD Intermediate Holdings I, LLC (N/A); CARD Intermediate Holdings II, LLC (3953); and SKILLS Global, LLC (4192). The location of the Debtors' principal place of business is 9089 S Pecos Rd., Suite 3600, Henderson, Nevada 89074.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or the Plan, as applicable.

Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 400, Houston, Texas 77002.

> **PLEASE BE ADVISED**:  THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.
>
> THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **June 11, 2023**, which is the date for determining which Holders of Claims in Class 3, as applicable, are entitled to vote on the Plan. For the avoidance of doubt and subject to section D(1)(iii)(c) of the Solicitation Procedures, if a Holder of a Claim or Interest in a Class that is not entitled to vote to accept or reject the Plan files a Proof of Claim after the Voting Record Date but before the Combined Hearing, Stretto, Inc. (the "Claims and Noticing Agent"), shall provide such Holder the applicable Non-Voting Status Notice and Opt Out Form and a copy of the Combined Hearing Notice as soon as practicable after its Claim has been filed and processed by the Claims and Noticing Agent.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

**Voting Deadline**.  The deadline for voting on the Plan is **July 13, 2023, at 4:00 p.m.**, prevailing Central Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' Claims and Noticing Agent on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote**.

**Plan and Disclosure Statement Objection Deadline**.  The deadline for filing objections to the Plan and the Disclosure Statement is **July 13, 2023, at 4:00 p.m.,** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline").  Any objections to the relief sought at the Combined Hearing **must**:   (a) be in writing; (b) conform to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Plan and Disclosure Statement Objection Deadline.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Please be advised that Article IX of the Plan contains the following release, exculpation, and injunction provisions:[3]**

Article IX.C of the Plan contains the following release by the Debtors (the "Debtor Release"):

**EFFECTIVE AS OF THE EFFECTIVE DATE, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WIND-DOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES (INCLUDING ANY PLAN ADMINISTRATOR THAT MAY BE APPOINTED), AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM OR CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS OR THEIR ESTATES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS, THE WIND-DOWN DEBTORS, THEIR ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY, BASED ON OR RELATING TO (INCLUDING THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY**

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CAUSES OF ACTION RELEASED BY THE DEBTOR RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE DEBTORS, THE WIND-DOWN DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE DEBTOR RELEASE.

Article IX.D of the Plan contains the following third-party release by the Releasing Parties (the "Third-Party Release"):

EFFECTIVE AS OF THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS AND SERVICES OF THE RELEASED PARTIES IN FACILITATING THE EXPEDITIOUS REORGANIZATION OF THE DEBTORS AND IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EACH CASE EXCEPT FOR CLAIMS ARISING UNDER, OR PRESERVED BY, THE PLAN, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EACH RELEASING PARTY (OTHER THAN THE DEBTORS OR THE WIND-DOWN DEBTORS), IN EACH CASE ON BEHALF OF ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM, CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF A RELEASING PARTY, IS DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED EACH DEBTOR, WIND-DOWN DEBTOR, AND EACH OTHER RELEASED PARTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES OR THEIR AFFILIATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO (INCLUDING THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, ENTRY INTO, OR FILING OF, AS APPLICABLE), OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE WIND-DOWN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS

4

**TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE DECISION TO FILE THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN (INCLUDING THE PLAN SUPPLEMENT), THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE DIP DOCUMENTS, THE ASSET PURCHASE AGREEMENT(S), THE CREDIT AGREEMENT, THE PURSUIT OF CONFIRMATION AND CONSUMMATION, THE PURSUIT OF THE ASSET SALE(S), THE PRE- AND POSTPETITION MARKETING AND SALE PROCESS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, BUT NOT, FOR THE AVOIDANCE OF DOUBT, ANY LEGAL OPINION EFFECTIVE AS OF THE EFFECTIVE DATE REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN, OR UPON ANY OTHER ACT, OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY OBLIGATIONS ARISING ON OR AFTER THE EFFECTIVE DATE OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN AS SET FORTH IN THE PLAN.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS:  (1) CONSENSUAL; (2) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (3) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (4) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS OR CAUSES OF ACTION RELEASED BY THE THIRD-PARTY RELEASE; (5) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (6) FAIR, EQUITABLE, AND REASONABLE; (7) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (8) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION OF ANY KIND WHATSOEVER RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.**

Definitions related to the Debtor Release and the Third-Party Release:

**UNDER THE PLAN, "RELEASED PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE CREDIT FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF INTERESTS; (F) THE SPONSOR; (G) THE PURCHASER(S); (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (I); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.**

**UNDER THE PLAN, "RELEASING PARTIES" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS, AS APPLICABLE; (C) THE CREDIT FACILITY AGENT AND EACH CREDIT FACILITY LENDER; (D) THE DIP AGENT AND EACH DIP LENDER; (E) ALL HOLDERS OF CLAIMS; (F) ALL HOLDERS OF INTERESTS; (G) THE PURCHASER(S); (H) THE SPONSOR; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH**

**ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (J);** *PROVIDED* **THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE THE CONFIRMATION DATE.**

**PLEASE BE ADVISED, AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT:  (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.**

Article IX.E of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action or any claim arising prior to the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable the Chapter 11 Cases, the Restructuring Support Agreement, the Disclosure Statement, the Plan (including the Plan Supplement), the DIP Documents, the Asset Purchase Agreement(s), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (excluding, for the avoidance of doubt, providing any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.  Notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article IX.F of the Plan establishes an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against**

any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Supplement, or related documents, free of charge, you may:  (a) access the Debtors' restructuring website at https://cases.stretto.com/CARD; (b) write to Center for Autism and Related Disorders, LLC, *et. al.* Ballots c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, California 92602; (c) email TeamCARD@stretto.com; or (d) call the Stretto, Inc., the Claims and Noticing Agent retained by the Debtors in these chapter 11 cases at (855) 925-7872 (domestic, toll free) or +1 (949) 892-1668 (international).  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://ecf.txsb.uscourts.gov/.  Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan or provide legal advice.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before June 29, 2023, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN

IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.

---

Houston, Texas
June 12, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Allyson B. Smith (admitted *pro hac vice*) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                mstull@jw.com
                vargeroplos@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          christopher.greco@kirkland.com
                allyson.smith@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors-in-Possession*